**COUNCIL OF WESTERN ELECTRIC TECHNICAL EMPLOYEES–NATIONAL, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, Incorporated, Defendant.**

United States District Court
S. D. New York.

Dec. 30, 1955.

Mayer, Weiner & Mayer, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant.

SUGARMAN, District Judge.

On October 4, 1955, plaintiff commenced an action based upon "Section 301 of the Labor Management Relations Act, 1947, U.S.C. Title 29, Section 185, hereinafter referred to as the 'Act', and the Federal Declaratory Judgment Act, Section 247(d) of the Judicial Code, as amended, U.S.C. Title 28, Section 400".[1]

The complaint alleges *inter alia* that on November 30, 1954, plaintiff and defendant entered into an agreement affecting the employment by defendant of certain professional employees belonging to plaintiff union. After claiming a violation of the agreement by defendant, it seeks a judgment

"a. Interpreting the collective bargaining agreement of November 30, 1954 and declaring that the provisions thereof prevent defendant from transferring or hiring into the occupational classifications listed in Appendix A of said agreement, any employees who do not meet the qualifications of 'professional employee' as defined in Section 2(12) of the Act;

"b. Interpreting the collective bargaining agreement of November 30, 1954 and declaring that the provisions thereof prevent defendant from reducing the minimum qualifications for occupational classifications listed in Appendix A of said agreement below those used for employees in the unit on June 13, 1952;

"c. Granting plaintiff damages in the sum of $200,000;

"d. Awarding plaintiff the costs of this action;

"e. Granting such further and other relief as to this Court seems just and equitable in the premises."

Defendant now moves:

"1. To dismiss so much of the complaint and to strike out so much of the prayer for relief marked '(a)' as seeks judgment based on the claim that defendant is required to hire or transfer into the occupational classifications of the Agreement attached to the complaint only such

1. Now 28 U.S.C.A. § 2201.

employees as meet the qualifications of 'professional employee' as allegedly defined in Section 2(12) of the Labor Management Relations Act, 1947, on the ground that it fails to state a claim against defendant upon which relief can be granted.

"2. To dismiss so much of the complaint and to strike out so much of the prayer for relief marked '(b)' as seeks a declaratory judgment as to the provision of the Agreement which prevents the Company from reducing the minimum qualifications below those used for employees in the collective bargaining unit on June 13, 1952, on the ground that there is no case or controversy within Article III, Section 2 of the Constitution of the United States and of the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, because defendant agrees with plaintiff as to the construction of said clause.

"3. To dismiss the complaint on the ground that it fails to state a claim on which relief may be granted, because the Agreement provides for arbitration of litigable disputes and prescribes the procedure to be followed, with which plaintiff has not complied, or in the alternative to stay the action or so much thereof as is not dismissed, pursuant to Section 3 of the U. S. Arbitration Act [9 U.S.C.A. § 3] and Section 1451 of the Civil Practice Act of New York.

"4. To dismiss the complaint for lack of jurisdiction on the ground that there is no diversity of citizenship, no Federal question, and that Section 301 of the Labor Management Relations Act, 1947, does not authorize the maintenance of the present action.

"5. To grant such other and further relief as to this Court may seem just and proper."

■ So much of defendant's motion as seeks a dismissal of paragraphs "a" and "b" of plaintiff's prayer for relief in its complaint is granted for the sole reason that no actual controversy is presented for decision.

■ So much as is pertinent of paragraph 37 of the agreement of November 30, 1954, between the parties provides:

"This Agreement shall become effective November 30, 1954 * * * and * * * shall continue in full force and effect until midnight November 29, 1955, and from year to year thereafter unless written notice to * * * modify this Agreement is given by either party to the other at least sixty (60) days prior to November 13, 1955 * * *".

The statement in the reply affidavit of D. A. Moore that "[O]n September 14, 1955 the Union gave written notice of intention to negotiate for a modified Agreement, thereby making the current Agreement terminate at midnight, November 29, 1955," remains unchallenged in the record.

It thus appears that the plaintiff, after giving the notice of September 14, 1955, with full knowledge that such notice would terminate the agreement on November 29, 1955, commenced an action on October 4, 1955, for a declaration of the meaning of that agreement. In fact this very motion by defendant was noticed for November 10, 1955 and adjourned by the parties until the very day that the agreement came to an end (November 29, 1955) and argument of the motion was not heard until the following day.

Thus we have an issue presented, the resolution of which can have no effect on the construction of the now terminated contract.

While it may have some weight, one way or another (depending on the decision) on the pending negotiations between the parties for a *new* agreement, it cannot revive the old.

If the parties themselves cannot resolve their differences, they should look to Title II of the Labor Management Re-

lations Act, 1947 [2] and not to the court for relief.

Accordingly, defendant's motion to dismiss the complaint only to the extent and for the reason hereinabove indicated is granted and otherwise denied. This denial includes defendant's motion to dismiss upon grounds set forth in "3." and "4." of its notice of motion.

The failure of arbitration was brought about by defendant's own acts. This court has jurisdiction under § 301 of the Labor Management Relations Act, 1947, to entertain what remains of the suit.

There is left for trial the plaintiff's prayer "c" for damages at which time, if necessary, the court will construe Articles 1 and 26 of the agreement.

It is so ordered.

2. 61 Stat. 152, 29 U.S.C.A. § 171 et seq.